**COMBINED INSURANCE COMPANY OF AMERICA, an Illinois corporation, Plaintiff,**

v.

**Thomas W. HANSEN, an individual, Defendant.**

**Civ. No. 89–491–FR.**

United States District Court, D. Oregon.

April 16, 1990.

Chrys A. Martin, Robert J. Schnack, Bullivant, Houser, Bailey, Pendergrass & Hoffman, Portland, Or., for plaintiff.

David N. Goulder, Copeland, Landye, Bennett and Wolf, Portland, Or., for defendant.

## OPINION

FRYE, District Judge:

In the matter before the court, defendant, Thomas W. Hansen, moves (#24) for an order striking Plaintiff's Supplemental Answer to Defendant's Interrogatories on the grounds that plaintiff, Combined Insurance Company of America (Combined Insurance) has failed to supplement reasonably its previous response to Hansen's interrogatories.

## BACKGROUND

Combined Insurance filed this action against Hansen on May 5, 1989, alleging that Hansen violated the restrictive covenants of his employment contracts with Combined Insurance by soliciting agents and employees of Combined Insurance to work for another insurance company, Capitol American Life Insurance Company (Capitol), Hansen's present employer.

In June, 1989, Hansen served his first set of interrogatories on Combined Insurance asking for the identities of "all employees, agents or officers of plaintiff whom plaintiff claims defendant has had any contact and/or communication with since February 1, 1988, in violation of the terms and conditions of his contracts with plaintiff as alleged in paragraph 7 of plaintiff's Complaint." Defendant's First Set of Interrogatories to Plaintiff, p. 2.

Combined Insurance responded to the first set of interrogatories on July 31, 1989, identifying five individuals in response to the above interrogatory, and a single individual in response to a second interrogatory.

Hansen's deposition was taken in August, 1989, at which time Combined Insurance learned that Hansen had submitted to Capitol weekly reports which listed his expense reimbursements. Thereafter, Combined Insurance asked for production of these reports. Hansen provided these reports in early October, 1989. In early November, 1989, Hansen's counsel wrote to counsel for Combined Insurance requesting any supplementation to the interrogatories. Counsel for Combined Insurance responded that a supplement could be expected within thirty days.

On March 12, 1990, Combined Insurance served supplemental answers to Hansen's interrogatories, including the names of fifty more people that Combined Insurance contends Hansen contacted in violation of the terms and conditions of his employment.

## CONTENTIONS OF THE PARTIES

Hansen asserts that the supplemental response served on March 12, 1990 should be stricken because these people were identified five months after Combined Insurance had received copies of all of defendant's expense reports. Combined Insurance responds that the supplemental responses were prepared from Hansen's own records; that no prejudice or surprise can be claimed by Hansen; and that the discovery period is still open.

## ANALYSIS AND RULING

Fed.R.Civ.P. 26(e)(1) states, in relevant part:

**Supplementation of Responses.** A party who has responded to a request for discovery with a response that was complete when made is under no duty to supplement the response to include information thereafter acquired, except as follows:

(1) A party is under a duty seasonably to supplement the response with respect to any question directly addressed to (A) the identity and location of persons having knowledge of discoverable matters.

Combined Insurance supplemented the answers to interrogatories within the discovery period. No trial date has yet been set. There is no indication as to any prejudice to Hansen from the supplementation. There are no grounds upon which this court could strike the supplemental response.

Defendant's discovery motion (#24) is denied.